FILED

2008 SEP 18 AM 11: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Charles Shaffer III
30645 White Bird Ave.
Wesley Chapel, FL 33543

    Plaintiff,

v.

Allied Interstate, Inc.
c/o CT Corporation System
1200 South Pine Island Road
Plantation, FL 33405

    Defendant.

Case No. 8:08-CV-01859-T-23 EAJ

Judge:

COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT AND
OTHER EQUITABLE RELIEF

JURY DEMAND ENDORSED HEREIN

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around May 2008, Defendant telephoned Plaintiff at Plaintiff's place of employment.

10. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive personal telephone calls at Plaintiff's place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

11. During this communication, Plaintiff provided Defendant with an alternative telephone number for Plaintiff.

12. Despite Plaintiff's notice, Defendant telephoned Plaintiff's place of employment several more times throughout May and June 2008.

13. During several of these communications, Plaintiff again notified Defendant that Plaintiff was not allowed to receive personal telephone calls at Plaintiff's place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

14. In or around June 2008, despite having Plaintiff's contact and location information, Defendant telephoned several of Plaintiff's family members.

15. On or around June 24, 2008, Plaintiff communicated with Defendant.

16. During this communication, Plaintiff asked Defendant to stop calling Plaintiff's family members.

17. During this communication, Defendant screamed at Plaintiff that Defendant would not have to call Plaintiff's family members if Plaintiff paid Plaintiff's bills.

18. During this communication, Defendant threatened to garnish Plaintiff's wages if the debt was not paid.

19. On or around July 22, 2008, Defendant communicated with Plaintiff.

20. During this communication, Defendant again threatened to garnish Plaintiff's wages if the debt was not paid.

21. On or around July 29, 2008, Defendant communicated with Plaintiff.

22. During this communication, Defendant again threatened to garnish Plaintiff's wages if the debt was not paid.

23. On or around August 6, Defendant communicated with Plaintiff.

24. During this communication, Defendant again threatened to garnish Plaintiff's wages if the debt was not paid.

25. On or around August 7, 2008, Defendant communicated with Plaintiff.

26. During this communication, Defendant again threatened to garnish Plaintiff's wages if the debt was not paid.

27. During this communication, Defendant threatened to levy Plaintiff's bank account if the debt was not paid.

28. During this communication, Defendant threatened to begin legal action against Plaintiff within 24 hours if the debt was not paid.

29. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

30. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

34. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that it was inconvenient for Plaintiff to receive Defendant's calls at work.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

38. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

39. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

40. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: *Karen Gatto*
Karen Gatto
Bar # 0190527
2901 West Busch Blvd, Suite 201
Tampa, FL 33618
Tel: 866-339-1156
kga@legalhelpers.com
*Attorneys for Plaintiff*

5